

REES, Chief Justice, and MURPHY, Associate Justice:

This is to reiterate and explain the procedures the Court has been following since May 4, 1986, with regard to notice by publication to defendants who cannot be personally served within American Samoa.

A.S.C.A. § 43.0501 provides that in certain kinds of cases notice by publication may be made upon a defendant who cannot be served personally in American Samoa. § 43.0502 specifies how notice by publication is to be made. This section requires three separate acts as elements of service by publication:

(1) Notice shall be published once each month for two consecutive months "in some newspaper or publication of general circulation."

(2) The notice shall also be posted for two months in front of the court house in Fagatogo.

(3) The notice shall also be "mailed by registered United States mail to the defendant at his last known address."

The second and third requirements are straightforward and unambiguous. We particularly note that the requirement of notice by registered mail to the defendant's last known address (even if his current address is unknown) is an absolute requirement of the statute. A court order authorizing notice by publication necessarily refers to notice in the manner required by the statute, of which notice by mail is an essential element. It has never been the practice of this Court --- indeed, it is outside the Court's power --- to give exemptions from the statutory requirements of § 43.0502. Although the location of the defendant's "last known address" may sometimes be a matter for interpretation---

33

mailing a notice to the current residence of a defendant's family, for instance, may be a better way of complying with the statute than mailing to an address at which the defendant himself lived ten or twenty years ago --- the requirement that there be some attempt at notice by mail is clear and absolute.

There is, however, one ambiguity in the statute with regard to which some interpretation is necessary. The statute does not say where the publication by newspaper is to take place, and the practice has been to publish in American Samoa regardless of the whereabouts of the defendant. In the future, a court order authorizing notice by publication should be construed as requiring that such notice be genuinely calculated to reach the defendant. Thus if the defendant is believed to be in Hawaii or Western Samoa, publication should also be in that place. When the whereabouts of the defendant are uncertain but he is known to have relatives or friends in American Samoa, it may be necessary to publish both in American Samoa and the place the defendant is believed to be. Similarly, if the defendant speaks Samoan but does not speak English well, the notice should be published in Samoan.

In specifying procedures to be followed in future cases we do not mean to criticize prior practice. Indeed, § 43.0502 can easily be construed to require publication only in American Samoa. We therefore rely not only on our duty to interpret the statutory law of American Samoa but also on the administrative, supervisory, and rulemaking power of the Chief Justice. See A.S.C.A. § 3.0102, 3.0202. Indeed, the requirement that notice be genuinely calculated to reach the defendant is imposed to conform not only to the apparent purpose of the Fono in enacting the statute, but also to basic notions of due process and fair play. As the United States Supreme Court observed in Mullane v. Central Hanover Trust Company, 339 U.S. 306, "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. at 314.

These procedures shall be followed not only in cases where service on a nonresident defendant is

34

authorized by § 43.0501, but also in actions for the termination or relinquishment of parental rights, in which an alternative procedure provided by A.S.C.A. § 45.0318 has sometimes been followed. This section authorizes service "by publication or by any other means authorized by the court." In cases involving parental rights it is especially important that absent defendants be afforded a fair chance to be heard, and the Court will therefore authorize publication only in accordance with the above rules.